■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANCIL DAVIS, Also Known as LORENZO DAVIS, LESTER LEE, WILLIAM EDWARD ROSE, JR., and LAWRENCE CROSSLAND, Appellants.—Appeal by defendants from four judgments (one as to each of them) of the Supreme Court, Kings County, rendered September 21, 1973, convicting each of them of murder, upon a jury verdict, and imposing sentence. Judgments reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendants stand convicted of murder, arising out of the shooting of an off-duty police officer during the course of a robbery. A prior trial ended in a hung jury. The prosecution's case rested primarily upon the testimony of four witnesses: an alleged accomplice and three women, girl-friends of various of the defendants, who related admissions allegedly made to or overheard by them. One of those women was also the sister of the alleged accomplice; another was, herself, charged with an unrelated murder; and the third had a husband also charged in an unrelated murder. Agreements or promises of leniency had been made with respect to all such charges. The defense established numerous inconsistencies in the prosecution's case and presented alibi testimony with respect to three of the defendants. The proof of guilt was, thus, hotly contested and far from overwhelming. However, even if the proof had been overwhelming, we would be forced to hold, as we now do, that defendants were deprived of their fundamental right to a fair trial by the actions of the Trial Judge. Throughout the record, we find the trial court deliberately interjecting itself into the proceedings to question a witness, reiterating prior testimony of the witness, and, in some instances, even answering the question posed by counsel. At times, it also rehabilitated prosecution witnesses and made gratuitous comments, all of which tended to prejudice the defendants. The most grievous prejudice to the defendants, however, occurred in the trial court's charge to the jury, which was very much imbalanced. Although the court disclaimed any intention to marshal the evidence, we find a fairly detailed review of the testimony of the prosecution's crucial witnesses upon direct examination, but only a cursory review of the testimony of alibi witnesses. We also find, *inter alia,* the court making only passing reference to a few of the serious inconsistencies and discrepencies in the prosecution's case, and totally ignoring the testimony which gave rise thereto, but exhorting the jury to consider such inconsistencies, as well as whether the witnesses' testimony was so precise and accurate as to infer contrivance, in connection with the alibi defense. Brief references to the fact that such matters were relevant to testing the credibility of all witnesses were overwhelmed by the court's instruction to the jury that the main issue of guilt should not be buried in an avalanche of unimportant consequentials. Thus, we have a charge which presented the prosecution's case in the best possible light and the defense case in the worst. We would also note that it was highly improper for the prosecutor to comment, in summation, that "it is not an innocent man that tries to pull the wool over your eyes with an alibi witness" (see *People v Cright,* 47 AD2d 906); and that references in the charge (and in summation) to alleged testimony that a car with New Jersey license plates had been seen leaving the scene of the crime were totally erroneous and without foundation in any of the testimony adduced. Martuscello, Acting P. J., Rabin, Shapiro, Titone and Hawkins, JJ., concur.